>  Frank W. Volk, Chief Judge
>  United States Bankruptcy Court
>  Southern District of West Virginia
>
>  Dated: September 13th, 2017

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**AT CHARLESTON**

| | |
|---|---|
| IN RE: <br><br> REMINGTON, LLC, <br> A West Virginia limited liability company, <br><br> Debtor. | CASE NO. 15-32454-KLP (E.D. Va.) <br><br> CHAPTER 11 <br><br> JUDGE KEITH L. PHILLIPS |
| James Hairston, <br><br> Plaintiff, <br> v. <br><br> BLACKHAWK MINING, LLC, <br> A Delaware limited liability company, <br> PANTHER CREEK MINING, LLC, <br> A Delaware limited liability company, & <br> MARK GEORGE, <br><br> Defendants. | ADVERSARY PROCEEDING NO. 2:17-ap-02012 <br><br> JUDGE FRANK W. VOLK |
| BLACKHAWK MINING, LLC, <br> A Delaware limited liability company, <br> PANTHER CREEK MINING, LLC, <br> A Delaware limited liability company, & <br> MARK GEORGE, <br><br> Third-Party Plaintiffs, <br> v. <br><br> REMINGTON, LLC, <br> A West Virginia limited liability company, <br><br> Third-Party Defendant. | |

**MEMORANDUM OPINION AND ORDER RESPECTING TRANSFER OF VENUE**

Pending are Defendants' Motion to Transfer Venue [Dckt. No. 5] and Plaintiff's Motion for Remand [Dckt. No. 15].

**I.**

On May 12, 2015, Remington, LLC ("Remington") voluntarily petitioned for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division ("Virginia Bankruptcy Court"). Remington is an affiliate of the Patriot Coal Corporation ("Patriot"), which, in addition to Patriot and numerous Patriot affiliates, also petitioned for relief under Chapter 11 in the Virginia Bankruptcy Court on May 12, 2015. The assigned judicial officer, the Honorable Keith L. Phillips, permitted joint administration of the cases on May 13, 2015.

In June 2015, Blackhawk, LLC ("Blackhawk") and its related entities and affiliates entered into an asset purchase agreement with Patriot and its related entities and affiliates, by which Blackhawk acquired certain assets of Patriot, including Remington. Panther Creek, LLC ("Panther Creek"), a subsidiary of Blackhawk, operates certain assets and mines previously operated by Remington.

Blackhawk was named as a defendant in 23 similar adversary proceedings alleging employment discrimination which were removed here from various circuit courts in West Virginia. The cases were consolidated on June 27, 2016. Blackhawk moved for transfer of the consolidated cases to the home court, namely, the Virginia Bankruptcy Court. On September 30, 2016, the Court granted Blackhawk's Motion to Transfer. *See Bolon v. Blackhawk Mining, LLC, et al.*, 2:16-AP-02008, Dckt. No. 29.

On May 8, 2017, James Hairston instituted an action against Blackhawk alleging employment discrimination in the Circuit Court of Kanawha County. On June 5, 2017, Defendants removed here [Dckt. No. 1]. Defendants now seek to have the case transferred to the Virginia Bankruptcy Court.

II.

In seeking transfer, Defendants' reliance on Article XI of the Confirmation Order in Patriot is parallel to the argument asserted by Blackhawk in *Bolon*. The Confirmation Order provides that Judge Phillips may retain jurisdiction over "the matters set forth in Article XI and other applicable provisions of the Plan." (Conf. Order, at 37, ¶ 111). Specifically, Article XI provides for retention of jurisdiction "over the Chapter 11 Cases and all matters arising out of, or related to, the Chapter 11 Cases and the Plan. . . ." (Plan at 57-58).

As explained in *Bolon*, a split of authority exists concerning whether a remand request must first be adjudicated prior to a sought-after transfer. A hard-and-fast rule need not be here adopted. In accord with *Bolon*, however, where there is at issue the interpretation of a Confirmation Order entered in recent years by the judicial officer presiding over the main case, transfer should usually be the first order of business. An authoritative interpretation by the author of the Confirmation Order may obviate the need for further litigation altogether or decisively steer it to the appropriate forum. There are additional benefits -- too numerous to mention -- of permitting the judicial officer in the home court to have a "first look" privilege under the circumstances presented here.

Having considered the applicable factors, and paying due regard to the all-important factor respecting the economical and efficient administration of the estate, along with the "home court" presumption, it is **ORDERED** that the motion to transfer be, and hereby is, **GRANTED**. It is further **ORDERED** that the motion to remand be, and hereby is, **DENIED** without prejudice to its refiling pursuant to any collective briefing order previously entered by the undersigned or Judge Phillips.

The Clerk is directed to send a courtesy copy of this written opinion and order to Judge Phillips' chambers via electronic mail and to all other tribunals, counsel and parties entitled to notice.